Dear Mayor Davis:
Your request for an Attorney General's opinion has been assigned to me for research and reply. You request an opinion on the ability of the council of the Town of Farmerville to appoint a chief of police. You state that the chief of police position has been filled by the elected Marshall, that the Town of Farmerville operates under a special legislative charter, and that the elected marshall is covered under the charter and the chief of police position was created by ordinance.
The Town of Farmerville was incorporated in 1870 by Louisiana Acts No. 51 of the extraordinary session. Thereafter, Louisiana Acts 1948, No. 37
provided for the office of Marshal in the Town of Farmerville, as follows:
 Section 2. That the officers of the said Town of Farmerville shall be a Mayor, five (5) Aldermen and a Marshal to be elected in June of 1949 and every four years thereafter, as now regulated by the statutes of the State of Louisiana in regard to municipal elections and pursuant thereto and such amendments as may be made thereto, subject to the ordinances of the Town now enacted or that may hereafter be enacted, regulating the general and primary elections for the election of candidates and officers, not in conflict with the Constitution and Statutes of the State of Louisiana; and to have such other officers and agents and employees as the Board of Aldermen may appoint under Acts and Ordinances now in force or that may hereafter be enacted by the Board of Aldermen defining the duties and terms of such officers and employees and the manner of their appointment and salaries to be paid; provided, however, that the present Mayor, Marshal and Board of Aldermen shall hold office until their successors are elected and qualified.
That act also provided the council of the Town of Farmerville with authority to establish, regulate and support a police force and appoint the members of same and define their duties. The council has done so in Chapter 11.5, Articles 11.5-10 — 11.5-16, as follows:
Sec. 11.5-10. Position created.
 There is hereby created, pursuant to the authority vested in the town council by Section 10 of the Farmerville City Charter, the position of chief of police. (Ord. No. 2-88, § 1, 4-11-88)
The chief of police serves at the pleasure of the council for not less than one (1) year or more than the term of the council which appointed him. Section 11.5-15 of the Farmerville Code provides that a "preference may be given to the elected city marshall; however, it shall be a preference only, and the two (2) offices are deemed to be separate and distinct from each other."
Louisiana's dual office holding laws, R.S. 42:61 et seq., provide an exemption for a municipal officer or employee from holding another municipal office or employment if authorized by legislative charter:
 D. Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
R.S. 42:66 (D).
Since it is clear that the Farmerville Charter provides for the authority to establish a police force and the Farmerville Code provides for an appointed chief of police, it is our opinion that the council has authority to appoint a chief of police and that they may give a preference to the elected city marshall and that if they choose to appoint the marshall as the chief of police, same would not be a violation of Louisiana's dual office holding laws.
If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb